EDDIE HEATH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heath v. Commissioner
Docket No. 24596-93
United States Tax Court
T.C. Memo 1995-245; 1995 Tax Ct. Memo LEXIS 242; 69 T.C.M. (CCH) 2818; June 6, 1995, Filed *242 Decision will be entered under Rule 155. Eddie Heath, pro se. For respondent: William W. Kiessling. CARLUZZO
CARLUZZO
MEMORANDUM FINDINGS OF FACT AND OPINION CARLUZZO, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined the following deficiencies and additions to tax: Additions to Tax, Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
1986
$ 2,059
$ 515
$ 103
[1]
1987
1,961
490
98
[1]
Following concessions, [2] the issues for decision are: (1) Whether petitioner had unreported income for the years 1986 and 1987, and, if so, (2) whether such income is subject to the self- employment tax imposed by section 1401; and (3) whether petitioner is *243 liable for additions to tax under sections 6651(a)(1), 6653(a)(1)(A) and 6653(a)(1)(B) for each of the years in issue. FINDINGS OF FACT Some of the facts have been stipulated, and they are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Memphis, Tennessee. During the years 1986 and 1987, petitioner owned and operated a hair salon in Memphis, *244 Tennessee, by the name of Superheads. Petitioner worked in the salon as a hairdresser. During the years in issue, petitioner charged $ 20 on average for a haircut, which represented the amount petitioner thought his labor was worth. Petitioner received payments for his haircutting services in the amounts of $ 20,185 and $ 18,831 [3] for the years 1986 and 1987, respectively. Petitioner testified that customers came to Superheads because they wanted good haircuts. Petitioner considered his haircutting activities as his "means of making * * * a living." Petitioner failed to file Federal income tax returns for each of the years in issue. He contends that he did not earn income during the years 1986 and 1987 because he exchanged his labor for money and made no profit therefrom. Furthermore, petitioner contends that he is not liable for self-employment tax under section 1401 because *245 he had no net earnings from self-employment for the years in issue. Petitioner also takes the position that he is not liable for any of the additions to tax determined by respondent. OPINION 1. Unreported Income. It is undisputed that petitioner received $ 20,185 and $ 18,831 in connection with his haircutting activities during the years 1986 and 1987. Petitioner contends, however, that the amounts received were merely equal exchanges for the value of his labor and, as such, do not constitute gross income. Section 61(a) defines gross income as "all income from whatever source derived", including compensation for labor. Sec. 61(a)(1); ; , affd. per curiam ; . The amounts received by petitioner as a hairdresser in 1986 and 1987 were received as compensation for his labor and, as such, must be included in gross income for those years. Petitioner's arguments that he realized no *246 income from his haircutting activities during the years in issue are without merit and have repeatedly been rejected by this and other courts. See ; ; . Accordingly, petitioner is required to include the amounts he received in connection with the operation of Superheads in gross income under section 61(a)(1). 2. Self-Employment Tax. Respondent determined that petitioner was liable for self-employment tax for the years 1986 and 1987. In addition to the income tax imposed by section 1, section 1401 imposes a self-employment tax on self-employment income. With the exception of circumstances not present here, section 1402(b) defines self-employment income as net earnings from self-employment derived by an individual. Sec. 1402(b)(2). The term "net earnings from self-employment" means gross income derived by an individual from any trade or business carried on by such individual, less allowed deductions attributable to such trade or business. Sec. 1402(a). *247 The term "trade or business", for purposes of self-employment tax, generally has the same meaning as in section 162. Sec. 1402(c). Petitioner, who was the owner of and a hairdresser at Superheads, considered his haircutting activities as his means of making a living. As such, petitioner was engaged in a trade or business within the meaning of sections 162 and 1402(c) during the years in issue. See . Furthermore, the income and expenses attributable to the operation of petitioner's trade or business for each year have been agreed upon by the parties. Accordingly, petitioner's net earnings from self-employment for each year are easily computable and subject to the self-employment tax imposed by section 1401. 3. Additions to Tax. Respondent determined that petitioner was liable for the addition to tax under section 6651(a)(1) for failure to file 1986 and 1987 Federal income tax returns. Section 6651(a)(1) provides for an addition to tax in the amount of 5 percent of the amount of the tax if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which *248 the failure to file continues, to a maximum of 25 percent of the tax in the aggregate. The addition to tax is applicable unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect. Petitioner has offered only a frivolous argument for his failure to file Federal income tax returns for the years in issue; i.e., that payments received for his labor do not constitute income. Petitioner's explanation does not constitute reasonable cause for his failure to file. Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1) for the years 1986 and 1987. Respondent also determined that for the years 1986 and 1987 the entire underpayment of tax was due to petitioner's negligence or disregard of rules or regulations pursuant to section 6653(a)(1). For 1986 and 1987, section 6653(a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence or disregard of rules or regulations. Section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is the *249 lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Disregard has been defined to include "careless, reckless, or intentional disregard." Sec. 6653(a)(3). Petitioner bears the burden of proof that respondent's determination is incorrect. Rule 142(a); ; . The record contains no persuasive evidence to refute respondent's determination. Accordingly, we sustain respondent with respect to the additions to tax for negligence for each of the years in issue. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. This amount is 50 percent of the interest due on the deficiency.↩
2. In the notice of deficiency, petitioner was allowed deductions for business expenses in the amounts of $ 8,398 and $ 7,404 and exemptions in the amounts of $ 3,240 and $ 5,700 for the years 1986 and 1987, respectively. In addition, respondent allowed petitioner an itemized deduction of $ 1,316 for the year 1986 and a standard deduction of $ 2,540 for the year 1987. Petitioner agrees with these allowances. Respondent also conceded that the adjustment for unreported income as reflected in her notice of deficiency was overstated by $ 1,000 for the year 1987.↩
3. Taking into account respondent's concession of the overstatement in unreported income for 1987, petitioner agrees with these amounts.↩